1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8              FOR THE EASTERN DISTRICT OF CALIFORNIA
9
   IRMA FRANKLIN,
10                                     NO. CIV. S-07-75 LKK/GGH
            Plaintiff,
11
         v.
12                                         O R D E R
   MERCK & COMPANY, INC., et al,
13
            Defendants.
14  _____/

15       On September 26, 2006, Irma Franklin, ("plaintiff") commenced
16  this action against Merck & Co., Inc by filing a complaint in the
17  Superior Court for the State of California, County of Los Angeles.
18  On January 9, 2007, Merck removed this action to this Court based
19  on diversity jurisdiction.  Plaintiff now moves to remand,
20  asserting that removal was improper and that this court lacks
21  jurisdiction.  Merck moves to stay the action pending its transfer
22  to the Judicial Panel on Multidistrict Litigation ("JPML")
23  proceeding that has been established to deal with the large volume
24  of Vioxx-related cases in federal court.
25                            **I. Background**
26       This case is one of hundreds of cases regarding Vioxx.  On

1

1  February 16, 2005, the MDL panel consolidated and transferred
2  148 federal cases involving Vioxx to the Eastern District of
3  Louisiana. In re Vioxx Prods. Liab. Litig., 360 F. Supp. 2d
4  1352 (J.P.M.L. 2005). The MDL panel held that the "nearly 300
5  potentially related actions in multiple federal districts . . .
6  will be treated as potential tag-along cases." Id. at 1352 n.1.
7     On January 12, 2007, Merck provided notice to the MDL Panel
8  of the pendency of this "tag-along" action and furnished the
9  Panel with a copy of the docket sheet and complaint in this
10 action. Merck asserts, and plaintiff does not dispute, that it
11 will shortly provide notice to the MDL panel of this action.
12 Merck expects a conditional transfer order to be issued by the
13 panel within the next few weeks.

## II. Analysis

15    The power to stay proceedings in the interest of judicial
16 economy is an inherent power left to the discretion of the
17 court. Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In
18 cases involving similar jurisdictional questions, deference to
19 the MDL proceeding is often appropriate when "the motion raises
20 issues likely to arise in other actions pending in [the
21 consolidated action]." Conroy v. Fresh Del Monte Produce Inc.,
22 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).
23    Here, Merck asserts that removal is proper because
24 defendants McKesson and Amerisource, whose presence defeats
25 diversity jurisdiction, were fraudulently joined. The question
26 of fraudulent joinder is not unique to the pending case. See,

1  e.g., Lame Bull v. Merck & Co., et. al, No. 05-2465, slip op.
2  (E.D. Cal. January 24, 2006) (Karlton, J.) (staying case to
3  allow remand to be decided by MDL judge); Purcell v. Merck &
4  Co., et. al, No. 05-0443, slip op. (S.D. Cal. June 6, 2005)
5  (same); Johnson v. Merck & Co., No. C-05-02881, slip op. at *2
6  (N.D. Cal. Oct. 3, 2005) (same).
7       Given the number of cases that present this exact
8  jurisdictional question and the growing number of cases being
9  transferred to the MDL proceedings, this court, like several
10 other district courts, finds that the interest of judicial
11 economy favors staying this action pending its transfer to the
12 MDL proceeding.  For these reasons, the court hereby ORDERS
13 that:
14      1.   Defendant Merck's motion to stay is GRANTED;
15      2.   Plaintiff's motion to remand is DENIED;
16      3.   Oral argument on the motions currently set for March
17           26, 2007 at 10:00 a.m. is VACATED;
18      4.   Upon entry of this order, further proceedings in this
19           action shall be STAYED, pending transfer of the action
20           to the MDL proceeding.
21      IT IS SO ORDERED.
22      DATED:  March 14, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3