UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTATE OF MAURINE ROBINSON,
by and through a Successor
in Interest, DAVID TENN,
an individual,

                                      NO. CIV. S-07-75 LKK/GGH

        Plaintiff,

   v.

                                      O R D E R

MERCK & COMPANY, INC., et al,

        Defendants.
_____/

On September 26, 2006, Plaintiff, Estate Of Maurine Robinson, by and through a Successor in Interest, David Tenn ("plaintiff") commenced this action against Merck & Co., Inc. ("Merck") by filing a Complaint in the Superior Court for the State of California, County of Los Angeles. On January 11, 2007, Merck removed this action to federal court based on diversity jurisdiction. Plaintiff now moves to remand, asserting that removal was improper and that this court lacks jurisdiction. Merck moves to stay the action pending its transfer to the Judicial Panel on Multidistrict Litigation ("JPML") proceeding that has been established to deal

1

with the large volume of Vioxx-related cases in federal court.

## I. Background

This case is one of hundreds of cases regarding Vioxx. On February 16, 2005, the MDL panel consolidated and transferred 148 federal cases involving Vioxx to the Eastern District of Louisiana. In re Vioxx Prods. Liab. Litig., 360 F. Supp. 2d 1352 (J.P.M.L. 2005). The MDL panel held that the "nearly 300 potentially related actions in multiple federal districts . . . will be treated as potential tag-along cases." Id. at 1352 n.1.

On January 16, 2007, Merck provided notice to the MDL Panel of the pendency of this "tag-along" action and furnished the Panel with a copy of the docket sheet and complaint in this action. Merck asserts, and plaintiff does not dispute, that it will shortly provide notice to the MDL panel of this action. Merck expects a conditional transfer order to be issued by the panel within the next few weeks.

## II. Analysis

The power to stay proceedings in the interest of judicial economy is an inherent power left to the discretion of the court. Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In cases involving similar jurisdictional questions, deference to the MDL proceeding is often appropriate when "the motion raises issues likely to arise in other actions pending in [the consolidated action]." Conroy v. Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

Here, Merck asserts that removal is proper because

1  defendants McKesson and Amerisource, whose presence defeats
2  diversity jurisdiction, were fraudulently joined.  The question
3  of fraudulent joinder is not unique to the pending case.  See,
4  e.g., Lame Bull v. Merck & Co., et. al, No. 05-2465, slip op.
5  (E.D. Cal. January 24, 2006) (Karlton, J.) (staying case to
6  allow remand to be decided by MDL judge); Purcell v. Merck &
7  Co., et. al, No. 05-0443, slip op. (S.D. Cal. June 6, 2005)
8  (same); Johnson v. Merck & Co., No. C-05-02881, slip op. at *2
9  (N.D. Cal. Oct. 3, 2005) (same).

10      Given the number of cases that present this exact
11 jurisdictional question and the growing number of cases being
12 transferred to the MDL proceedings, this court, like several
13 other district courts, finds that the interest of judicial
14 economy favors staying this action pending its transfer to the
15 MDL proceeding.  For these reasons, the court hereby ORDERS
16 that:
17      1.   Defendant Merck's motion to stay is GRANTED;
18      2.   Plaintiff's motion to remand is DENIED;
19      3.   Oral argument on the motions currently set for March
20           26, 2007 at 10:00 a.m. is VACATED;
21      4.   Upon entry of this order, further proceedings in this
22           action shall be STAYED, pending transfer of the action
23           to the MDL proceeding.
24      IT IS SO ORDERED.
25      DATED: March 14, 2007.
26
                                    _____
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT